IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| STEVEN MARKOS,<br><br>        Plaintiff,<br><br>    v.<br><br>BETA GROUP, INC.<br><br>        Defendant. | **Civil Action No.:** |

## COMPLAINT AND JURY DEMAND

Plaintiff Steven Markos ("Mr. Markos"), by his undersigned attorneys, Duane Morris LLP, brings this suit against Defendant, BETA Group, Inc. ("Defendant"), and for his Complaint alleges as follows:

### SUBSTANCE OF THE ACTION

1. This is a case of willful copyright infringement in violation of 17 U.S.C. §§ 106(1) and 501. Mr. Markos seeks compensatory or statutory damages in an amount to be established by a jury at trial.

### PARTIES

2. Mr. Markos is a photographer and the sole creator and operator of a website celebrating national parks and historic sites around the country. He resides at 2606 Waters Edge Trail, Roswell, GA 30075.

3. Upon information and belief, and according to its website, Defendant BETA Group, Inc. ("Defendant") provides state agencies, municipalities, and private clients with planning, engineering, design, asset management, and construction services. Defendant is

incorporated under the laws of the State of Delaware, with offices around New England, including three in the Commonwealth of Massachusetts – Norwood, Chicopee and Worcester.

## JURISDICTION AND VENUE

4. This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States, and therefore this Court has jurisdiction under 17 U.S.C. §§ 101, *et seq.*; 28 U.S.C. § 1331 (federal question jurisdiction); and 28 U.S.C. § 1338(a) (jurisdiction over copyright actions).

5. Personal jurisdiction over Defendant is proper. Defendant is conducting business in the District and committing torts in the District, including without limitation Defendant's copyright infringement, which causes harm in this District.

6. Pursuant to 28 U.S.C. § 1391, venue properly lies in this Court because a substantial part of the events giving rise to the claims herein occurred in this judicial district.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

**A.     Plaintiff's Business**

1. Mr. Markos is a well-known and highly regarded photographer and writer who operates the National Parks Planner website (https://npplan.com). Mr. Markos has devoted countless hours to creating photographic catalogs of our country's national parks, among other outdoor and historic sites.

2. Mr. Markos is the exclusive owner of all copyrights in and is the original author of a stylistic and creative photographic image he has titled Big-Cypress-019 (the "Copyrighted Work"). Attached hereto as **Exhibit A** is a copy of the photographic image that is the Copyrighted Work as published by the Mr. Markos on his website.

3. Mr. Markos obtained a Certificate of Registration VA 2-022-928 from the United States Copyright Office for the Copyrighted Work (among other photographs) with the effective

date of November 3, 2016.  Attached hereto as **Exhibit B** is a copy of the Certificate of Registration issued by the United States Copyright Office covering the Copyrighted Work.

4. Mr. Markos publishes the Copyrighted Work on his website, along with his copyright management information – "© 2015 Steven Markos" - displayed in a watermark on the face of the digital image.

**B.     Defendant's Unlawful Activities**

5. Mr. Markos has discovered that Defendant infringed his exclusive copyrights in the Copyrighted Work by reproducing, displaying and distributing the Copyrighted Work in certain project deliverables provided to the Town of Yarmouth, Massachusetts, specifically documents titled (i) Riverwalk Park and Boardwalk Feasibility/Concept Design Study (designated Project Number: 17-2-CD) delivered to the Town of Yarmouth, Massachusetts ("Riverwalk Park Design Study"), and (ii) Riverwalk Park – DISUC Preferred Concept Plan, dated January 2018 ("Riverwalk Park Concept Plan").

6. Specifically, the Defendant's reproduction, distribution and public display of the Copyrighted Work in the course of its preparation and delivery of the Riverwalk Park Design Study and Riverwalk Park Concept Plan were discovered as posted to the following URLs:

- https://www.yarmouth.ma.us/DocumentCenter/View/11931/Riverwalk-and-Boardwalk-Plans-and-Amenities?bidId=

- https://www.yarmouth.ma.us/DocumentCenter/View/8151/050217-Riverwalk-Boardwalk-Options-Powerpoint?bidId=

7. Copies the Defendant's Riverwalk Park Design Study and Riverwalk Park Concept Plan containing the Defendant's infringing reproduction and display of the Copyrighted Work downloaded from those URLs are attached hereto as **Exhibit C**.

8. Defendant infringed Mr. Markos's exclusive copyrights in the Copyrighted Works by using them without license or other permission in its Riverwalk Park Design Study and

Riverwalk Park Concept Plan submitted in connection with its Town of Yarmouth project. In this way, Defendant has profited from its infringing uses of the Mr. Markos's Copyrighted Work without paying Mr. Markos (or anyone else) for a license or other permission to reproduce, display, distribute or otherwise use the Copyrighted Work.

9. Defendant was aware that Mr. Markos owned the copyrights to the Copyrighted Work, because Mr. Markos's copyright management information was visible on the face of the Copyrighted Work when copied by Defendant and incorporated into its Riverwalk Park Design Study and Riverwalk Park Concept Plan on the Town of Yarmouth project.

10. Defendant also was aware that it did not own and had no license or other permission to use the Copyrighted Work in its Riverwalk Park Design Study and Riverwalk Park Concept Plan on the Town of Yarmouth project, or for any other purpose. Nevertheless, and despite being aware of Mr. Markos's copyright information, Defendant did not attempt to contact Mr. Markos or make any other effort to obtain a license or other permission to reproduce, display and distribute the Copyrighted Work. Instead, Defendant intentionally infringed Mr. Markos's declared copyrights in his Copyrighted Work, or, at a minimum, acted in reckless disregard of Mr. Markos's exclusive copyrights.

**FIRST CLAIM FOR RELIEF**
**COPYRIGHT INFRINGEMENT**
**(17 U.S.C. §§ 101, *et seq*.)**

11. Mr. Markos realleges paragraphs 1 through 10 above and incorporates them by reference as if fully set forth herein.

12. The Copyrighted Work is an original work of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws. Mr. Markos owns the sole and exclusive copyrights in the Copyrighted Work, including without limitation the right to sue for infringement.

13. Mr. Markos timely registered his Copyrighted Work with the Copyright Office prior to Defendant's commencement of its infringing activities.

14. Defendant's reproduction, distribution and public display of an identical digital copy of the Copyrighted Work demonstrates that Defendant had access to the Copyrighted Work as published by Mr. Markos prior to its commencement of infringing activities.

15. By its actions set forth above, Defendant has infringed and violated Mr. Markos's exclusive rights in the Copyrighted Work in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Defendant's infringement of Mr. Markos's copyrights has been willful and deliberate, or at a minimum in reckless disregard of Mr. Markos's exclusive copyrights in the Copyrighted Work, and Defendant has profited from its infringing conduct at the expense of Mr. Markos.

17. As a direct and proximate result of Defendant's infringement of Mr. Markos's exclusive rights in the Copyrighted Work, Mr. Markos is entitled to recover his actual damages resulting from Defendant's unauthorized and uncompensated uses of the Copyrighted Work and, in addition, Mr. Markos is entitled to recover damages based on a disgorgement of Defendant's profits connected to the fees and other revenues received by Defendant, directly and indirectly, as a result of its performance of a project for the Town of Yarmouth in which it prepared and delivered the Riverwalk Park Design Study and Riverwalk Park Concept Plan, pursuant to 17 U.S.C. § 504(b).

18. In the alternative, and at Mr. Markos's election exercised at any time prior to the entry of final judgment, Mr. Markos is entitled to an award of statutory damages to be determined by the jury, up to a maximum amount of $150,000.00, as a result of Defendant's

willful infringement of the Copyrighted Work, or up to a maximum amount of $30,000.00 if the jury determines Defendant's infringement was not willful, pursuant to 17 U.S.C. § 504(c).

19. Mr. Markos is entitled to an award of his costs, including reasonable attorneys' fees, pursuant to 17 U.S.C. § 505.

20. Defendant's conduct has caused and any continued infringing conduct will continue to cause irreparable injury to Mr. Markos unless enjoined by this Court.  Mr. Markos has no adequate remedy at law.  Pursuant to 17 U.S.C. § 502, Mr. Markos is entitled to a permanent injunction prohibiting infringement of Mr. Makos's exclusive rights under copyright law.

WHEREFORE, Mr. Markos demands judgment as follows:

1. A declaration that Defendant has infringed Mr. Markos's copyrights in the Copyrighted Work in violation of the Copyright Act;

2. A declaration that such infringement has been willful;

3. An award of Mr. Markos's actual damages and a disgorgement of Defendant's profits, under 17 U.S.C. § 504(b), as shall be determined by a jury at trial, or, at Mr. Markos's election any time prior to the entry of final judgment, an award of statutory damages in an amount determined by a jury at trial, pursuant to 17 U.S.C. § 504(c);

4. An award of Mr. Markos's costs and expenses incurred in this action, including his reasonable attorneys' fees, pursuant to 17 U.S.C. § 505;

5. An award of interest, including pre-judgment interest, on the foregoing sums;

6. A permanent injunction prohibiting Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from:

(a) directly or indirectly infringing Mr. Markos's copyrights or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop or manufacture any works derived or copied from the Mr. Markos's Copyrighted Work or to participate or assist in any such activity; and

(b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Copyrighted Work.

7. For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Mr. Markos hereby demands a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated: March 8, 2022                                   Respectfully submitted,

**DUANE MORRIS LLP**

/s/  *Steven M. Cowley*
Steven M. Cowley (BBO No. 554534)
100 High Street, Suite 2400
Boston, MA  02110
(857) 488-4200 (phone)
(857) 488-4201 (fax)
smcowley@duanemorris.com

*Counsel for Plaintiff Steven Markos*